Alan E. ASHCRAFT, Jr. and Jean J. Ashcraft, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 12171.

United States Court of Appeals Seventh Circuit.

Feb. 20, 1958.

Rehearing Denied March 17, 1958.

Edwin R. Armstrong, Sol R. Friedman, I. S. Friedman, Chicago, Ill., for petitioner.

Charles K. Rice, Asst. Atty. Gen., S. Dee Hanson, Atty., Tax Division, Lee A. Jackson, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before FINNEGAN and HASTINGS, Circuit Judges, and WHAM, District Judge.

HASTINGS, Circuit Judge.

This appeal involves the liability of the taxpayer, Alan E. Ashcraft, Jr., for the deficiency in income taxes as determined and asserted against him by the Commissioner of Internal Revenue (respondent) and redetermined by the United States Tax Court in the sum of $1881.92 for the calendar year 1951.[1]

The taxpayer had been married to his former wife, Ruth, from 1930 until their divorce on January 6, 1944, and one child was born to this marriage. He subsequently married his present wife, Jean J. Ashcraft, who is a petitioner herein solely because she filed a joint return with taxpayer for the year 1951.

On January 3, 1944, the taxpayer and his wife, Ruth, entered into a separation agreement which made provision for certain transfers of property in full settlement of their respective property

---

1. The petitioners are Alan E. Ashcraft, Jr. and Jean J. Ashcraft (appellants), husband and wife. Petitioner, Alan E. Ashcraft, Jr. will be referred to herein as the "taxpayer."

rights, and further agreed that taxpayer would pay to Ruth the sum of $210 per month "as permanent alimony" and the further sum of $40 per month for the support of their infant child during his minority.

On January 6, 1944, the Superior Court of Cook County, Illinois, entered a decree of divorce and approved the property settlement and payment of alimony to Ruth and support for the child as provided in the agreement.

On June 29, 1951, the taxpayer and his former wife, Ruth, entered into an agreement modifying and supplementing their separation agreement of January 3, 1944, and their rights and duties under their divorce decree of January 6, 1944. This agreement contained the following provisions:

"1. Ruth waives all right to further payment of alimony or support, pursuant to a decree of divorce entered January 6, 1944, in a cause then pending in the Superior Court of Cook County, Illinois, entitled Ruth T. Ashcraft vs. Alan E. Ashcraft, Jr., being general number 43-S 14678, and agrees that said decree of divorce may be amended in accordance with this Paragraph 1. Ruth understands that she may never thereafter apply to said Court for alimony or support.

"2. Ruth waives all her right to the continuance of the insurance provided for in the separate agreement mentioned in said decree for divorce and agrees to execute all necessary papers and documents for the release to Alan of all her interest in and to the policy of insurance issued pursuant to that said separate agreement, by the Penn Mutual Life Insurance Company in the sum of $20,000, being policy No. 2-626-738.

"3. Alan will pay to Ruth $6200.00, contemporaneously with the execution of this agreement and the further sum of $2,000.00, within 70 days.

"4. Alan will provide a policy or policies of straight life insurance insuring his life in the amount of $9,500.00, and assign all his right, title and interest in and to such policy or policies to Ruth absolutely. All dividend payments on such policy or policies shall be applied in payment of premiums and the balance of such premiums shall be paid by Alan. The marriage or death of Ruth shall relieve Alan of making any further premium payments on such policy or policies."

On June 29, 1951, the Superior Court of Cook County, Illinois, entered a supplimental decree containing the following provisions:

"This day came again the parties hereto by their respective attorneys and it appearing to the Court that the said parties have entered into an agreement by which the plaintiff, for good and valuable considerations, has waived the payment of further alimony and support, and the Court having read said agreement and being advised in the premises doth order:

"1. That the decree of divorce heretofore entered herein be and the same is hereby amended by striking therefrom all its provisions in reference to alimony and custody and support of the minor child of the said parties.

"2. That defendant be and he is hereby forever relieved of all obligation to contribute to the support of or any alimony to the plaintiff and all the provisions in said decree of divorce in reference to alimony and child support are hereby satisfied of record.

"3. That the parties hereto shall have joint custody of their minor child and he shall remain, until the further order of the Court, in his present school and the defendant shall maintain and support him."

In their return for the year 1951, petitioners claimed a deduction of $9887.55 with an explanation written on their

return that such deduction was for "[a]limony pursuant to divorce decree and periodic payments under written agreement incident to decree paid to former wife, Ruth T. Ashcraft." The above amount of $9887.55 is the sum of the amounts paid by taxpayer to his former wife pursuant to the original decree and the modification agreement and supplemental decree in 1951. In determining the deficiency for the taxable year 1951, the Commissioner disallowed $8758.41 of the claimed deduction of $9887.55. The amount disallowed consisted of the taxpayer's cash payments of $6200 and $2000 made to his former wife and the cash surrender value ($558.41) of the $9500 insurance policy transferred to her under the agreement of June 29, 1951. Deductions for the amount of $1050, being five monthly payments of $210 each paid in 1951 under the January 6, 1944 divorce decree and for $79.14, the amount of premium paid on the life insurance policy, were allowed.

The Tax Court sustained the Commissioner's determination and held (28 T.C. 356) that the payments of $6200 and $2000 and the cash surrender value of $558.41 of the insurance policy did not constitute statutory periodic payments includible in the former wife's gross income for 1951 under Section 22(k) of the 1939 Code, 26 U.S.C.A. § 22(k), and therefore were not deductible from the taxpayer's gross income for that year under Section 23(u) of that Code. 26 U.S.C.A. § 23(u). The Tax Court entered its decision accordingly on May 23, 1957, from which the taxpayer and his present wife petition this court for review.

We are concerned primarily with Sections 22(k) and 23(u) of the 1939 Code which in general provide that periodic payments made by a husband to his divorced wife, in discharge of a legal obligation incurred or imposed pursuant to a court decree or written agreement incident to the divorce, are to be included in the gross income of the former wife, and are in turn deductible by the husband in computing his taxable net income. See also Sections 29.22(k)–1(a) and 29.23 (u)–1 of Treasury Regulations 111. By its terms, however, Section 22(k) provides an exception, the pertinent part of which follows:

"Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; * * *."

Here, then, the contested issue finally resolves itself into a question of whether the payments and transfers made by the taxpayer to his former wife were *periodic payments in discharge of a legal obligation incurred or imposed pursuant to the decree or written agreement incident to the divorce,* or *installment payments discharging a part of his obligation, the principal sum of which is, in terms of money or property, specified in the decree or agreement incident to the divorce.*

The taxpayer contends that the three disputed items represent adjustment and re-arrangement of his original obligation incurred by virtue of the 1944 divorce decree to contribute to the support of his former wife, and, as such, are incident to the divorce and are not in the nature of a property settlement or installment payments discharging parts of a specified sum, but are periodic payments within the meaning of Section 22(k). He cites several cases in support of this contention.

In Myers v. Commissioner, 9 Cir., 1954, 212 F.2d 448, pursuant to a settlement agreement and divorce decree the husband was required to pay his wife, for her support, maintenance and care, the sum of $250 per month for six years, without regard to her remarriage but necessarily terminable on her death. These payments were held to be "periodic payments," and deductible by the husband, and not installments discharging a principal sum. The court

204

properly determined that no principal sum was specified.

Similarly, Baker v. Commissioner, 2 Cir., 1953, 205 F.2d 369, involved a separation agreement incorporated in a divorce decree. The husband was to pay his wife $300 per month for one year and $200 per month for five years thereafter, the payments to cease on the death or remarriage of the wife. The court, placing emphasis upon the contingent nature of the payments, held that no principal sum was stated and the payments were "periodic payments" and deductible. To the same effect is Birdwell v. Commissioner, 5 Cir., 1956, 235 F.2d 112 also cited by taxpayer. In that case support for the former wife was decreed in the sum of $14,600, payable $2,000 at the time of the decree and the balance in monthly installments of $167 in five years and seven months, the payments to cease upon her death or remarriage. Such payments were held to be "periodic payments" and deductible by the husband.

Finally, in Burton v. United States, D.C.C.D.Utah 1956, 139 F.Supp. 121, periodic monthly payments of alimony by the husband to his former wife, subject to reduction in amount and terminable at a later date in the event of her remarriage, were held to be "periodic payments" and deductible by the husband. Again, no principal sum was specified.

■ In all of the above cases we find situations clearly involving periodic payments for the support of the former wife in discharge of a legal obligation incurred or imposed pursuant to the decree or written agreement incident to the divorce. We agree with the Tax Court that these cases do not support the taxpayer's position here. In the instant case a specified sum of money was to be paid, subject to no contingency, and in two installments, along with an assignment of the insurance policy.

■ The taxpayer further contends that since the periodic payments set out in the original 1944 divorce decree were for the support of his former wife, the modification agreement and supplemental decree of 1951 did not change their nature or character. We do not agree. In the modification agreement it is set out that the former wife expressly waived "all right to further payment of alimony or support, pursuant to a decree of divorce entered January 6, 1944," and "understands that she may never thereafter apply to said Court for alimony or support." The decree follows to the same effect that "defendant be and he is hereby forever relieved of all obligation to contribute to the support of or any alimony to the plaintiff and *all provisions in said decree of divorce in reference to alimony* and child support *are hereby satisfied of record."* (Our emphasis.) It is quite clear to us that the supplemental decree completely supersedes the original decree in this respect. See also Chapter 40, Section 19, of the Illinois Revised Statutes which provides in pertinent part that where "the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where the court by its decree has denied alimony * * *" it may not subsequently enter an order for alimony and maintenance for the spouse.

We agree with the Commissioner that the three disputed items were clearly installment payments the taxpayer became absolutely obligated to make in lieu of any further alimony or support as specified in the modification agreement and supplemental decree and not subject to any contingency. Such payments are held to be "installment payments" made by taxpayer in discharge of his principal sum obligation specified in the supplemental decree and amended agreement incident to the divorce. Commissioner of Internal Revenue v. Senter, 4 Cir., 1957, 242 F.2d 400, 403, affirming 25 T.C. 1204; Fidler v. Commissioner, 9 Cir., 1956, 231 F.2d 138, 142, modifying in part 20 T.C. 1081; Baer v. Commissioner, 8 Cir., 1952, 196 F.2d 646, 648, affirming 16 T.C. 1418; and Norton v. Commissioner, 8 Cir., 1951, 192 F.2d 960, 961, affirming 16 T.C. 1216.

■ The payment of the insurance premiums on the $9500 life insurance during the former wife's life and until her remarriage are conceded by both parties to be includible in her income as "periodic payments" and deductible by the taxpayer. We find nothing in that arrangement to bring the three disputed items within the terms of Section 22(k) as periodic payments. Cf. Seligmann v. Commissioner, 7 Cir., 1953, 207 F.2d 489, and Carmichael v. Commissioner, 1950, 14 T.C. 1356, 1362.

■■ The burden is on the taxpayer in all such cases to bring himself squarely within the provisions of the statute under which he claims such a deduction, it being allowable only as a matter of legislative grace. Norton v. Commissioner, supra, and cases cited therein. This he has not been able to do in this cause.

We conclude that the Tax Court properly sustained the Commissioner on the issue here involved, and the judgment of the Tax Court is

Affirmed.