Laurence J. ELLERT, a.k.a. L. J. Ellert, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14731.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1962.

Richard H. Siegel, Cleveland, Ohio (Alexander R. Roman, Cleveland, Ohio, on the brief), for petitioner.

Donald P. Horwitz, Atty., Dept. of Justice, Washington, D. C. (Louis F. Ober-

dorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before McALLISTER and WEICK, Circuit Judges, and LEVIN, District Judge.

LEVIN, District Judge.

This is an appeal from a decision of the Tax Court, Memo 1961–79, which upheld the Commissioner's disallowance of the petitioner's claimed alimony deduction for the year 1956.

Petitioner, Laurence J. Ellert, married Margaret McKeever Ellert in 1936. They have three children: Lawrence, born on March 1, 1938; Suzanne, born on May 9, 1939; and Margaret, born on September 22, 1943. On April 5, 1954, subsequent to the filing of a suit for divorce by the petitioner in an Ohio court of competent jurisdiction, the parties agreed that the petitioner would pay 0296.00 per month for the support of his wife and children. A separation agreement entered into on June 30, 1955, was incorporated into and made a part of the divorce decree filed on August 1, 1955.

The agreement not only settled the property rights of the petitioner and his wife, but also fixed the payments to be made for the support of his children. The agreement further provided for alimony in the fixed sum of $22,475, payable in installments. Paragraph 4 of the agreement is as follows:

"4. Husband is to pay to the wife as and for temporary and permanent alimony, the sum of $22,475.00 in installments, and for support of

the minor children, the following aggregate amounts on the following dates, on the 1st day of each and every month:

"(a) From on or about July 1, 1955, to March 1, 1957,—$375.00 per month of which $150.00 will be allocated as and for the support and maintenance of their three minor children;·

"(b) From March 1, 1957, to March 1, 1959,—$325.00 per month of which $150.00 will be allocated as and for the support and maintenance of their three minor children;

"(c) From March 1, 1959, to June 1, 1960,—$325.00 per month of which $100.00 will be allocated as and for the support and maintenance of their two minor children;

"(d) June 1, 1960, to September 22, 1964,—$250.00 per month of which $50.00 will be allocated to the support of their minor child.

"The amounts set forth above and the dates when said amounts shall be due shall not in any manner be reduced or in any way be affected by either the emancipation, marriage or death of any of the children of the parties to this Agreement except on the dates when each respective child attains his or her majority."

The petitioner asserts that he is entitled to a deduction for the payments he made to his former wife in 1956 under paragraph 4, on the theory that these payments are taxable to her under section 71(a) (1) [1] of the Internal Revenue Code of 1954 and are, therefore, deductible by him under section 215.[2] The

1. "*Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under

a written instrument incident to such divorce or separation."

2. "*General Rule.*—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income."

petitioner argues that the payments he is obligated to make under paragraph 4, if added to the payments he made for temporary alimony to his wife, constitute payments over a period of more than ten years and hence are periodic payments as defined by section 71(c) (2) [3] and are, therefore, taxable to his wife under section 71(a) (1). Petitioner also asserts that even if the payments made under paragraph 4 must stand by themselves—thus payable in less than ten years—they are not installment payments within the definition of section 71(c) (1)[4] and therefore are periodic payments taxable to his wife under section 71(a) (1).

■ As to the first contention of the petitioner, the payments made under the agreement of April 5, 1954, were not in payment of any principal sum, nor were they even referred to in the separation agreement or in the divorce decree, and therefore may not be tacked on to the payments provided for in paragraph 4.

Furrow v. Commissioner of Internal Revenue, 10 Cir., 292 F.2d 604, 607.

The Commissioner asserts that the sum of $2,700, which the petitioner paid to his former wife in 1956, constituted installment payments discharging part of the fixed obligation of $22,475, the sum specified in paragraph 4, and thus not taxable to his former wife under sections 71(c) (1) and 71(a) (1).

■ The petitioner's position is that his obligation under paragraph 4 would terminate under Ohio law if his former wife remarried, even though paragraph 4 does not expressly state that the payments shall cease upon the remarriage of his former wife; and therefore these payments are not installment payments but are periodic payments under Regulation 1-71-1(d) (3).[5] The petitioner bases his argument on Hunt v. Hunt, 169 Ohio St. 276, 159 N.E.2d 430. Hunt is the only Supreme Court case in Ohio which has not strictly applied the Ohio

3. *"Where period for payment is more than 10 years.*—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received."

4. *"General Rule.*—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments."

5. "(i) Where payments under a decree, instrument, or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not install-

ment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions:

"(a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and

"(b) Such payments are in the nature of alimony or an allowance for support.

"(ii) Payments meeting the requirements of subdivision (i) are considered periodic payments for the purposes of section 71(a) regardless of whether—

"(a) The contingencies described in subdivision (i) (a) are set forth in the terms of the decree, instrument, or agreement, or are imposed by local law, or

"(b) The aggregate amount of the payments to be made in the absence of the occurrence of the contingencies described in subdivision (i) (a) of this subparagraph is explicitly stated in the decree, instrument, or agreement or may be calculated from the face of the decree, instrument, or agreement, or

"(c) The total amount which will be paid may be calculated actuarially."

rule that a separation agreement incorporated into or approved by a divorce decree cannot be modified by a court in the absence of mistake, misrepresentation, fraud, or a reservation of jurisdiction in the decree. Mozden v. Mozden, 162 Ohio St. 169, 122 N.E.2d 295; Newman v. Newman, 161 Ohio St. 247, 118 N.E.2d 649; Law v. Law, 64 Ohio St. 369, 60 N.E. 560. But Hunt was distinguished from this general rule because the agreement considered in that case provided for an indefinite number of alimony payments, and the court took the view that it was against the public policy of Ohio to continue to enforce, after the remarriage of the wife, an agreement to pay alimony for an indefinite period.

In Dailey v. Dailey, 171 Ohio St. 133, 167 N.E.2d 906, the Supreme Court of Ohio enforced a separation agreement, incorporated in a divorce decree, against the former husband after the remarriage of the wife, where the payments were for a fixed period of time, eleven years. The court said in distinguishing Hunt:

"Paragraph one of the syllabus in the Hunt case reads as follows:

" 'Where, in a divorce action, permanent alimony is ordered paid by the husband to the wife in a fixed amount per month, payable monthly *"hereafter," based upon an agreement between the parties which does not constitute a property settlement* and is not related to support of children, *and where the alimony order contains no provision for termination of such payments or reservation of jurisdiction by the court,* the subsequent marriage of such wife to another man capable of supporting her constitutes an election on her part to be supported by her new husband and an abandonment of the provision for permanent alimony from her divorced husband.' [Emphasis added.]

"The emphasized portions of the above paragraph of the syllabus when compared with the provisions of paragraph two of the separation agreement herein clearly point up the distinction between the two cases. In the Hunt case, the payments were indefinite, and the syllabus clearly limits the decision to those cases of indefinite awards of alimony which have no fixed terminal dates.

"In distinguishing the two cases we do not mean to intimate any departure from the statement of public policy expressed in paragraph two of the syllabus in the Hunt case. And were we of the opinion that paragraph two of the agreement herein provides for the indefinite payment of alimony without any provisions for termination, a reservation of jurisdiction would be implied in the court to exercise its equitable power to modify after the plaintiff's remarriage."

■■ We agree with the Tax Court in holding that Dailey controls the case before us, and therefore the law of Ohio does not permit us to read into paragraph 4 the contingency of the remarriage of the petitioner's former wife.

■ The petitioner also asserts that, since under paragraph 7 of the separation agreement he was required to pay the premiums and continue his former wife as the beneficiary of the $22,500 life insurance policies until the end of September 1964, the time when payments under paragraph 4 will terminate, the parties intended that his liability under paragraph 4 was to cease upon his death. Both parties were represented by counsel. We may not rewrite this carefully drafted agreement by implying that the obligation under paragraph 4 would terminate upon the petitioner's death.

The decision of the Tax Court is affirmed.