ESTATE OF JOHN M. JARBOE, DECEASED, EDITH A. JARBOE, ADMINISTRATRIX, AND EDITH A. JARBOE, SURVIVING SPOUSE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF JOHN M. JARBOE, DECEASED, EDITH A. JARBOE, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92824, 93506. Filed January 17, 1963.

*L. F. Loux, Esq.*, for the petitioners.
*Thomas J. Moroney, Jr., Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* Respondent determined deficiencies in income tax in these consolidated proceedings as follows:

| Petitioner | Docket No. | Year | Deficiency |
|---|---|---|---|
| Estate of John M. Jarboe, deceased, Edith A. Jarboe, administratrix, and Edith A. Jarboe, surviving spouse | 92824 | 1957 | $808.10 |
| Estate of John M. Jarboe, deceased, Edith A. Jarboe, administratrix, and Edith A. Jarboe, surviving spouse | 92824 | 1958 | 430.12 |
| Estate of John M. Jarboe, deceased, Edith A. Jarboe, administratrix | 93506 | 1959 | 632.68 |

The issue presented herein is the deductibility under section 215, I.R.C. 1954, as alimony of payments made to decedent's divorced wife during decedent's lifetime of $1,380 and $1,035 in 1957 and 1958, respectively, and a payment made to decedent's divorced wife by decedent's estate of $2,584 in 1959. Other issues raised in Docket No. 92824 have been conceded.

The facts were stipulated and are so found.

Joint individual income tax returns were filed by John M. Jarboe and his wife, Edith A. Jarboe, for the calendar year 1957, and by Edith A. Jarboe, as surviving spouse of John M. Jarboe, with the estate of John M. Jarboe for the calendar year 1958. Edith A. Jarboe, as administratrix of the estate of John M. Jarboe, filed a fiduciary income tax return for the taxable year ending December 31, 1959, in behalf of the estate of John M. Jarboe. All of the returns were filed with the district director of internal revenue at Cleveland, Ohio, on the cash basis of accounting.

During the taxable year 1957 and until his death on or about October 9, 1958, John M. Jarboe was married to Edith A. Jarboe. Thereafter, Edith A. Jarboe was appointed administratrix of her deceased husband's estate.

Prior to a divorce on or about January 28, 1947, John M. Jarboe was married to Elizabeth K. Jarboe, hereinafter sometimes referred to as Elizabeth. By instrument dated August 1, 1946, John and Elizabeth entered into a written separation agreement. Under the terms thereof John was to make certain payments to Elizabeth and others for and on behalf of Elizabeth and their minor son for an indeterminate period of time. The specific payments called for thereunder are not in issue herein.

On or about January 28, 1947, in case No. 159612, in the Court of Common Pleas of Summit County, Ohio, styled Elizabeth K. Jarboe, Plaintiff, *v.* John M. Jarboe, Defendant, Elizabeth was granted an absolute divorce from the defendant. On or about the same date, a journal entry was signed by the judge of the court, wherein it was ordered, adjudged, and decreed as follows:

1. That the plaintiff be and she is hereby granted an absolute divorce from the defendant.

2. That the custody and control the minor child of the parties, to-wit: John M. Jarboe, Jr., be given and granted to this plaintiff.

3. That all dower interest which the defendant has heretofore held or owned in the property described above and belonging to this plaintiff be, and the same is hereby severed, terminated and cut off.

4. The court, having examined the separation agreement hereto attached and marked "exhibit A", finds the same to be a fair, just and reasonable determination of all of the property rights, duties and obligations of the parties, each to the other, and this court therefore orders that the parties hereto carry out, perform and fulfill all of the duties and obligations by each of them provided in the said separation agreement marked "exhibit A" and attached hereto, as fully as though this court had originally ordered the parties to carry out the terms, duties and obligations contained in the said separation agreement.

5. That the costs of this case be, and they are hereby taxed against the defendant.

Subsequent to the divorce, John M. Jarboe married Edith A. Jarboe.

By instrument dated June 3, 1951, John M. Jarboe and his divorced wife Elizabeth entered into a subsequent agreement, the material provisions of which are as follows:

WHEREAS, the parties hereto were divorced by decree of the Court of Common Pleas of Summit County, Ohio, on the 28th day of January, 1947; and,

WHEREAS, prior to the entry of such decree, to-wit: on December 12, 1946, [1] the parties entered into a Separation Agreement whereby they made a final determination as to all of their matrimonial duties and obligations, including support for and custody of their minor child, alimony and a division of their property, and said Separation Agreement was incorporated in the said Decree of Divorce; and,

WHEREAS, certain ambiguities in the Separation Agreement have developed and the parties are desirous of making a final settlement regarding alimony, payable in monthly installments over a period of nine (9) years.

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein and of the premises, it is mutually agreed as follows:

1—That JOHN M. JARBOE shall pay to ELIZABETH K. JARBOE the sum of SIXTEEN THOUSAND NINETY-TWO DOLLARS ($16,092), payable as follows:

(a) $3,672 in cash upon the execution of this instrument;

(b) $12,420 by promissory note with cognovit clauses, executed by John M. Jarboe and Edith L. [*sic*] Jarboe, payable in monthly installments of $115 each, commencing on the 15th day of July, 1951; said note to bear no interest. * * *

* * * * * * *

3—That upon default of JOHN M. JARBOE in the performance of any of the terms of this agreement or in any of the payments upon the said promissory note, ELIZABETH K. JARBOE shall, within thirty (30) days after any such default, have the right and option to consider this agreement null, void and of no effect and, after giving to JOHN M. JARBOE written notice of her election to exercise such option, she may pursue her remedies under the original Separation Agreement dated December 12, 1946,[1] and incorporated in said decree of divorce, as fully and completely as though this instrument had never been executed, provided however, that JOHN M. JARBOE would then be entitled to credit for such sums as he has paid under this agreement against the sums which shall be owing under the said original Separation Agreement referred to above.

4—That, provided its terms are faithfully and fully performed, this agreement shall represent a complete settlement of all rights, duties and obligations arising out of, and serve as a substitute for, the said Separation Agreement dated Dec. 12, 1946;[1] that this agreement shall be incorporated in a journal entry modifying the original decree of divorce entered on January 28, 1947, and filed forthwith with the Court of Common Pleas of Summit County, Ohio, and that this agreement shall not be attacked, directly or collaterally, by either party for any reason whatsoever.

On or about July 10, 1951, a journal entry was entered in the above-referred to divorce action, adopting the terms of the agreement dated June 3, 1951, and ordering the parties to carry out the terms thereof.

As a result thereof, John M. Jarboe and his wife, Edith A. Jarboe, paid Elizabeth the sum of $1,380 during the calendar year 1957 and $1,035 during the calendar year 1958, which sums were deducted in the previously mentioned individual income tax returns filed for those years. Thereafter, the estate of John M. Jarboe discharged the balance of the indebtedness specified in the agreement dated June 3, 1951, by paying to Elizabeth the sum of $2,584 during the calendar year 1959, and deducted this amount from its income as alimony.

Respondent disallowed the claimed deductions for each of the 3 taxable years ending December 31, 1957, 1958, and 1959, and in statements attached to the deficiency notices explained the disallowances thus:

The deduction of * * * [the claimed amount] which was claimed for alimony is held not to be allowable under Section 215 of the Internal Revenue Code.

The material provisions of sections 215 and 71 of the Internal Revenue Code of 1954 are in the margin.[2]

---

[1] The above references to "December 12, 1946" should have read August 1, 1946. The December 12 date was the date of one of the acknowledgements by the notary public to the August 1, 1946, agreement.

[2] SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *

SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular inter-

Whether the amounts claimed as deductions are allowable to petitioners under section 215, I.R.C. 1954, depends upon whether the payments to Elizabeth were "periodic payments" as that term is used in section 71, I.R.C. 1954, and as such were includable in Elizabeth's gross income, or whether the said payments were "installment payments" as that term is used in section 71(c)(1), I.R.C. 1954, and as such "shall not be treated as periodic payments." We think the payments were "installment payments" and since they were to be made over a period of less than 10 years, section 71(c)(2), I.R.C. 1954, would have no application.

A case very much in point is *Alan E. Ashcraft, Jr.*, 28 T.C. 356, affd. 252 F. 2d 200 (C.A. 7, 1958). In that case the taxpayer and his wife were divorced in 1944. Under both the divorce decree and a written agreement incident to the divorce, he was obligated to pay $210 per month as permanent alimony. In 1951, under an amendatory agreement, the former wife waived all right to further payment of alimony and the taxpayer agreed to pay her the amount of $6,200 contemporaneously and $2,000 within 70 days and to transfer to her absolutely an insurance policy on his life having a cash surrender value of $558.41. We held that these amounts, totaling $8,758.41, were not periodic payments but were installment payments not deductible by the taxpayer. In affirming our holding, the Seventh Circuit, among other things, said:

> The taxpayer further contends that since the periodic payments set out in the original 1944 divorce decree were for the support of his former wife, the modification agreement and supplemental decree of 1951 did not change their nature or character. We do not agree. In the modification agreement it is set out that the former wife expressly waived "all right to further payment of alimony or support, pursuant to a decree of divorce entered January 6, 1944," and "understands that she may never thereafter apply to said Court for alimony or support." The decree follows to the same effect that "defendant be and he is hereby forever relieved of all obligation to contribute to the support of or any alimony to the plaintiff and *all provisions in said decree of divorce in reference to alimony* and child support *are hereby satisfied of record*." (Our emphasis.) It is

vals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\*     \*     \*     \*     \*     \*     \*

(c) PRINCIPAL SUM PAID IN INSTALLMENTS.—

(1) GENERAL RULE.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

(2) WHERE PERIOD FOR PAYMENT IS MORE THAN 10 YEARS.—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. \* \* \*

quite clear to us that the supplemental decree completely supersedes the original decree in this respect.

We agree with the Commissioner that the three disputed items were clearly installment payments the taxpayer became absolutely obligated to make in lieu of any further alimony or support as specified in the modification agreement and supplemental decree and not subject to any contingency. Such payments are held to be "installment payments" made by taxpayer in discharge of his principal sum obligation specified in the supplemental decree and amended agreement incident to the divorce. * * *

In the instant case the supplemental agreement dated June 3, 1951, was a complete substitution for the earlier agreement dated August 1, 1946 (sometimes referred to as the December 12, 1946, agreement). The court, in its journal entry entered on or about July 10, 1951, said:

The Court finds that the parties hereto were divorced on January 28, 1947, and that as part of the terms of said divorce a certain Separation Agreement entered into by the parties on December 12, 1946, was incorporated in said decree; that certain ambiguities in the interpretation of said Separation Agreement and decree of divorce have since developed, that, further, *the parties are desirous of making a settlement for alimony payable in installments, said installments to cease in June, 1960,* and that to effect this modification of this Court's decree, the parties hereto have * * * entered into a supplementary agreement, a copy of which is attached hereto marked Exhibit "A" and made a part hereof.

The Court finds that said supplementary agreement is fair and equitable in its terms and the Court therefore adopts the same as its order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the decree entered herein on January 28, 1947, be and the same hereby is, modified to conform with the supplementary agreement attached hereto and marked Exhibit "A" and made a part hereof, *and the parties are hereby ordered to carry out the terms of the said supplementary agreement as though the same had been the original order of this Court.* [Emphasis supplied.]

The case of *Ellert* v. *Commissioner*, 311 F. 2d 707 (C.A. 6, 1962), affirming a Memorandum Opinion of this Court, also supports the respondent's determination herein. In the *Ellert* case it was held that payments made by a taxpayer-husband under a temporary alimony agreement could not be "tacked on" to later payments made in a separation agreement which was incorporated in the divorce decree so as to make all the payments cover a period "ending more than 10 years from the date of such decree." In so holding, the Sixth Circuit said:

The petitioner asserts that he is entitled to a deduction for the payments he made to his former wife in 1956 under paragraph 4, on the theory that these payments are taxable to her under section 71(a)(1)[1] of the Internal Revenue Code of 1954 and are, therefore, deductible by him under section 215.[2] The petitioner argues that the payments he is obligated to make under paragraph 4, if added to the payments he made for temporary alimony to his wife, constitute payments over a period of more than ten years and hence are periodic payments as defined by section 71(c)(2)[3] and are, therefore, taxable to his wife under section 71(a)(1). * * *

As to the first contention of the petitioner, the payments made under the agreement of April 5, 1954, were not in payment of any principal sum, nor were they

even referred to in the separation agreement or in the divorce decree, and therefore may not be tacked on to the payments provided for in paragraph 4. *Furrow v. Commissioner of Internal Revenue*, 292 F. 2d 604, 607. [Footnotes omitted.]

Petitioners have cited a number of cases which they claim support their position that the payments made in the taxable years before us were periodic payments rather than installment payments made over a period of less than 10 years. We find that in these cases there were certain contingencies involved such as the death or remarriage of the wife or the death of the husband prior to the date of the last payment. In the instant case there were no such contingencies. The obligation herein to pay the $16,092 was definite and was not contingent upon any factor, including the death or remarriage of the wife or the earning capacity of the husband. As a matter of fact, the obligation of the husband was obviously so binding that his estate was obliged to and did satisfy the indebtedness created by the agreement of June 3, 1951. *Ellert v. Commissioner, supra.*

We think there is still another reason why the respondent's determination should be sustained. Section 1.215–1 of the regulations provides in part:

(a) A deduction is allowable under section 215 with respect to periodic payments in the nature of, or in lieu of, alimony or an allowance for support *actually paid by the taxpayer* during his taxable year and required to be included in the income of the payee wife or former wife, as the case may be, under section 71. * * *

(b) The deduction under section 215 is allowed *only to the obligor spouse. It is not allowed to an estate*, trust, corporation, *or any other person who may pay the alimony obligation* of such obligor spouse. * * * [Emphasis supplied.]

In the instant case it was stipulated that:

6. As a result thereof, petitioner and his wife, Edith A. Jarboe, paid Elizabeth the sum of $1,380.00 during the taxable year 1957 and $1,035.00 during the taxable year 1958 * * *

7. Thereafter, petitioner's estate discharged the balance of said indebtedness by paying to Elizabeth the sum of $2,584.00 during the taxable year ended December 31, 1959 * * *

Clearly, under the regulations, the amount paid by the estate in 1959 would not be deductible. As to the amounts paid in 1957 and 1958, the record does not show the amounts actually paid by John M. Jarboe and all we have is the stipulation that the payments for those 2 years were made by the decedent and his then wife. See *Ashcraft v. Commissioner*, 252 F. 2d 200, wherein the court stated:

The burden is on the taxpayer in all such cases to bring himself squarely within the provisions of the statute under which he claims such a deduction, it being allowable only as a matter of legislative grace.

The respondent's determinations are sustained.

*Decisions will be entered for the respondent.*