MADELINE R. ARNALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arnall v. Commissioner
Docket No. 21427-81.
United States Tax Court
T.C. Memo 1983-232; 1983 Tax Ct. Memo LEXIS 552; 45 T.C.M. (CCH) 1423; T.C.M. (RIA) 83232; April 28, 1983. *552 Held, taxpayer, surviving spouse of decedent, is not entitled to deduct amounts paid by her in settlement of a claim for back alimony brought against taxpayer, as executrix of decedent's estate, by decedent's former wife, and for attorney's fees incurred by her in defending against such claim. Charles Van S. Mottola, for the petitioner. Roslyn D. Gran, for the respondent. DRENNEN MEMORANDUM OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's Federal income tax in the amount of $13,477.73 for the taxable year 1977. The issues for decision are: (1) Whether petitioner is entitled to a deduction for amounts paid to settle a claim against her husband's estate, and (2) whether petitioner is entitled to a deduction for amounts paid for legal fees incurred in connection with the claim against her husband's estate. The facts have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner Madeline R. Arnall resided in Jacksonville, Fla., at the time the petition was filed. Petitioner's Federal income tax return for the taxable year 1977 *553 was filed with the Internal Revenue Service Center at Chamblee, Ga.
Petitioner's husband Paul F. Arnall (Paul), previously was married to Frances B. Arnall (Frances). Paul divorced Frances on February 6, 1967, and by the terms of the final judgment of divorce, was ordered to pay Frances $500 per month until Frances died or remarried. It was further ordered that if Paul died before Frances died or remarried, the monthly payments were not to cease, but rather were to become an obligation of Paul's estate. On July 9, 1967, Paul married petitioner, and remained married to her until the date of his death, on August 3, 1974. Petitioner was named as the executrix of Paul's estate and filed the estate tax return on June 25, 1975, which showed a total gross estate of $141,546.77. Petitioner's daughter was to receive $2,580.62 of the estate, and petitioner was to receive the rest. The total gross estate did not include Paul's interest in a qualified employee profit-sharing plan, of which petitioner was the sole beneficiary. During 1977, petitioner withdrew $47,000 from the employee profit-sharing plan, and included such amount as income on her 1977 Federal income tax return. On October *554 25, 1975, Frances filed a complaint against petitioner as executrix of the estate of Paul Arnall, seeking amounts of unpaid alimony allegedly due her under the terms of the final judgment of divorce dated February 6, 1967. Judgment was rendered in favor of Frances and against Paul's estate on January 24, 1977. On February 7, 1977, Frances executed a release of all claims against the estate of Paul Arnall in return for the sum of $30,000, which petitioner paid from part of the withdrawal she had made from the employee profit-sharing plan. Legal fees of $3,054.70 were incurred by the estate in defending the action brought by Frances, which petitioner paid from her own funds. For the taxable year 1977, petitioner claimed deductions of $30,000 for "settlement of claim against estate" and $3,054.70 for "legal fees--executrix." In the statutory notice of deficiency, respondent disallowed these deductions in their entirety. The first issue is whether petitioner is entitled to deduct the $30,000 paid in settlement of Frances' claim against the estate of Paul Arnall. Petitioner asserts that the lump-sum payment made to Frances qualifies for an alimony deduction under section 71.[1] Respondent *555 counters that petitioner is not entitled to a deduction since the payment, if deductile at all, is deductible only by the estate. We agree with respondent. Section 215(a) provides that "in the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife." Section 1.215-1(b), Income Tax Regs., provides in part that-- The deduction under section 215 is allowed only to the obligor spouse. It is not allowed to an estate, trust, corporation, or any other person who pays the alimony obligation of such obligor spouse. [Emphasis added.] It is clear that under section 215 and the applicable regulations that only the obligor-spouse is entitled to an alimony deduction. Petitioner, who paid the obligation of the estate, was not the obligor-spouse and thus is not entitled to the deduction. See also Estate of Jarboe v. Commissioner,39 T.C. 690, 696 (1963). [2] *556 Petitioner, however, argues that under Georgia law, her interest in the profit-sharing plan was subject to garnishment to satisfy the alimony judgment, and therefore she should be entitled to the deduction.Apparently, petitioner is arguing that since she was potentially subject to garnishment, she could have been forced to pay the obligation and therefore she should be considered the obligor and thus receive the deduction. We disagree. Even were we to find that petitioner's property was subject to garnishment, [3] the fact remains that under section 215(a), the obligor in this case was her husband, Paul, and upon his death the estate became the obligor. It was the estate that owed Frances the back alimony, not petitioner. Furthermore, garnishment was available against petitioner only to the extent that she owed a debt to the estate, or had property, money, or effects of the estate in her possession. Ga. Ann. Code, sec. 46-301 (1974). [4] Thus, the garnishment procedure does not change the *557 underlying obligor, but rather it merely collects the debt from someone who has property of or owes a debt to the obligor. We therefore reject petitioner's argument.[5]
The *558 second issue is whether petitioner is entitled to a deduction for legal fees incurred in defending a claim brought against the decedent's estate. Although petitioner was named as a defendant in the suit brought by Frances, she was named in her capacity as executrix of the estate. The estate, not petitioner, was the defendant in the suit and the estate, not petitioner, incurred the legal fees in defending against it. That petitioner paid the obligation is irrelevant. Petitioner may not assume the deduction of the estate by the simple expedient of payment. See Rushing v. Commissioner,58 T.C. 996, 1000 (1972); Columbian Rope Co. v. Commissioner,42 T.C. 800, 814-816 (1964); Rev. Rul. 55-23, 1955-1 C.B. 275. Accordingly, we deny the deduction. [6]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. It appears that the estate of Paul F. Arnall may have been entitled to an estate tax deduction for the lump-sum payment under sec. 2053(a)(3) if it had made the payment.
3. We express no opinion on whether the profit-sharing plan would actually be subject to garnishment under State law for an alimony claim against the decedent.↩
4. The defendant in the underlying suit was the estate of Paul F. Arnall. Petitioner was sued only in her capacity as representative or executrix of the estate. There was no claim that petitioner was personally indebted to the estate or had assets of the estate in her personal possession.↩
5. Petitioner also argues that if she is not entitled to the deduction, then the lump-sum payment of $47,000 she received from Paul's interest in the employee profit-sharing plan should not be income to the extent she paid out $30,000 of it to Frances. We again disagree. Under sec. 402(a)(1), the $47,000 distributed to petitioner was clearly taxable to her, and petitioner does not contend otherwise. The fact that petitioner voluntarily decided to pay a claim against the estate with these funds does not change the result. Petitioner had full use of the $47,000 and this is not a case where petitioner was holding the funds as an agent of the estate. Finally, we note that the estate itself had sufficient assets to pay the $30,000 claim.↩
6. The record contains no facts supporting petitioner's claim on this issue nor did petitioner argue it on brief. We assume petitioner has abandoned the issue.↩