**Antoinette L. HOLAHAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 106, Docket 23132.**

United States Court of Appeals Second Circuit.

Argued March 18, 1955.

Decided April 18, 1955.

Sydney R. Rubin, Rochester, N. Y., for petitioner.

H. Brian Holland, Asst. Atty. Gen. (Ellis N. Slack, Hilbert P. Zarky and C. Guy Tadlock, Sp. Assts. to the Atty. Gen.), for respondent.

Before CLARK, Chief Judge, FRANK, Circuit Judge, and GALSTON, District Judge.

GALSTON, District Judge.

The petitioner complains of the decision of the Tax Court determining a deficiency in her federal income tax for the calendar year 1949 in the amount of $5,978.06.

On April 7, 1928, during the pendency of a divorce action, the husband and wife entered into a voluntary separation agreement providing for periodic payments for her support and the support and maintenance of their children. That was followed by a decree of divorce entered on May 19, 1928. The alimony payments set forth therein were in terms identical with those of the separation agreement. Subsequently, on January 12, 1949, the petitioner and her former husband entered into a further agreement to settle all differences between them, including arrearages due under the 1928 agreement.

The 1949 agreement provided that the husband pay the wife, the petitioner herein, $100,000 in cash in full settlement of all claims under said contract of April 7, 1928, and the sum of $75 per week in full settlement of any and all claims, support, maintenance or other-

wise. The sum of $100,000 was to be paid in installments.

Thus the question arises whether the net aggregate sum and the weekly payments constituted periodic payments in discharge of a legal obligation which, because of the marital relationship, was incurred by the husband under a written instrument incident to a divorce.

The petitioner contends that the 1949 agreement, made some twenty years after the decree of divorce had been entered into, was a new agreement complete in itself, and superseded all previous agreements, and in consequence was not "incident" to such divorce. The Tax Court did not agree. It is difficult to escape the conclusion of the Tax Court, for the 1949 agreement in its recital states:

"The parties hereto have been in disagreement concerning the amount of money due to the party of the first part (i. e. the petitioner) from the party of the second part (her former husband) under a contract dated April 7, 1928 * * * for the support and maintenance of the party of the first part and support and maintenance of the then minor children."

Later, the 1949 agreement specifically describes the lump sum payment and the weekly payments to be "in full settlement of all claims under said contract dated April 7, 1928 * * *."

This 1949 agreement thus ties in effectively with the agreement of April 7, 1928 with the result that the payments contemplated, both the lump sum and the periodic payments, are incident to the decree of divorce entered in 1928. Newton v. Pedrick, 2 Cir., 212 F.2d 357; Grant v. Commissioner of Internal Revenue, 2 Cir., 209 F.2d 430; Smith v. Commissioner of Internal Revenue, 1 Cir., 192 F.2d 841, and Lerner v. Commissioner of Internal Revenue, 2 Cir., 195 F.2d 296. It is perhaps unfortunate for the taxpayer that the 1949 payment of the lump sum was not divisible into installment payments over the twenty lapsed years. However, that lump sum was a payment of arrears and was taxable when received.

Section 22(k) of the Internal Revenue Code of 1939, 26 U.S.C. 1952 edition, § 22, describes the conditions under which the payments here involved would be includible in the taxpayer's income. See footnote.[1]

---

1. (k) (As added by Section 120(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798 "Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments)

We agree that the Tax Court was correct in holding that the payments received by the taxpayer in 1949 were made pursuant to their decree of divorce and therefore includible under the aforesaid section.

The petitioner's contention on this appeal that it is a fundamental principle of tax law that income is taxable to the man who earns it, citing Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, cannot override the provisions of Section 22(k).

Affirmed.

does not exceed 10 per centum of such principal sum. For the purposes of the preceding sentence, the portion of a payment of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be considered an installment payment for the taxable year in which it is received. (In cases where such periodic payments are attributable to property of an estate or property held in trust, see section 171(b).)"