Harry W. WARLEY, Plaintiff,

v.

Denis J. McMAHON, individually and as Collector of Internal Revenue for the Second United States Collection District, New York, Defendant.

United States District Court
S. D. New York.
Jan. 24, 1957.

Wood, Werner, France & Tully, New York City, for plaintiff, Loren T. Wood, New York City, of counsel.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, for defendant, Miriam R. Goldman, New York City, of counsel.

FREDERICK VAN PELT BRYAN, District Judge.

In this action by a taxpayer for refund of a portion of taxes paid for the year 1946, both parties move for summary judgment. The controversy arises due to the disallowance of a deduction claimed by plaintiff for a payment made to his former wife.

The facts are not in dispute. Plaintiff and his wife separated by mutual agreement on May 4, 1945, and thereafter lived apart. On September 27, 1945 plaintiff instituted an action for divorce in New York. There were then negotiations between the parties which resulted in the execution of a formal separation agreement dated November 15, 1945. The agreement contained a provision that plaintiff agreed to pay his wife "for her maintenance and support the sum of Five hundred dollars ($500) per month beginning with the 1st day of May, 1945" during his lifetime and until her death or remarriage.

In the course of the negotiations an understanding had been reached that plaintiff's wife was to obtain a divorce decree in Florida, and that plaintiff would not prosecute his New York action to a conclusion. The agreement of November 15, 1945, while executed, was not delivered by either of the parties to the other, but instead was delivered to plaintiff's attorney to be held in escrow by him pending the entry of a decree of divorce in the prospective Florida action by the wife.

Thereafter the wife commenced an action for divorce in Florida which terminated in a decree of divorce in her favor on March 26, 1946. The decree approved and confirmed the agreement of November 15, 1945, and also specifically recited the support provisions and directed that they be complied with.

When proof of the Florida decree was received in New York on April 1, 1946, the separation agreement was released from escrow and delivered by the parties to one another, and the New York divorce proceeding was discontinued. In conjunction with the delivery of the separation agreement plaintiff gave to his wife a check in the sum of $6,000 bearing the legend "for the period May 1, 1945, to April 30, 1946". This check included the sum of $5,403.23, to cover payments at the rate of $500 per month as provided in the agreement and the decree, for the period from May 1, 1945 to March 26, 1946, the date of the decree. This sum, actually paid after the entry of the divorce decree but purporting to cover a period prior to the entry of the divorce decree, was claimed as a deduction by the plaintiff for the year 1946 and disallowed by the defendant.

The deduction claimed by plaintiff is allowable only if it is authorized by Section 23(u) of the Internal Revenue Code

of 1939 as amended, 56 Stat. 816, 26 U. S.C.A. § 23(u). Section 23(u) provides that the husband may deduct any payments made to his wife within the taxable year which are includible in the gross income of the wife under Section 22(k). Section 22(k) provides that payments made by a husband are includible in the income of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance if (a) the payments are periodic, whether or not made at regular intervals; (b) the payments are received subsequent to such decree; (c) the payments are received in discharge of a legal obligation which, because of the marital relationship, is imposed upon or incurred by the husband under such decree or "under a written instrument incident to such divorce or separation".

No case has come to my attention which passes on the precise question presented by these motions, and it appears that this is a case of first impression.

There would be no question about the deductibility of the amount in controversy here had it been paid in satisfaction of monthly alimony liabilities accruing subsequent to the divorce decree. However, the payment here, while made by plaintiff and received by his wife subsequent to the entry of the divorce decree, purported to cover a period of several months before any matrimonial decree had been entered. In fact, a portion of the period covered, from May 1 to November 15, 1945, was prior to the time when the separation agreement was executed.

 It is true, as plaintiff contends, that the mere fact that payment is made in a lump sum of amounts becoming periodically due, subsequent to the time when they became due, does not destroy their character as "periodic" payments within the meaning of Section 22(k). Grant v. Commissioner, 2 Cir., 209 F.2d 430, 432; Holahan, 21 T.C. 451, affirmed 2 Cir., 222 F.2d 82; Estate of Narischkine, 14 T.C. 1128, affirmed 2 Cir., 189 F.2d 257. It is equally true, however, that such a lump sum payment does not change the nature or character of the periodic amounts which it discharges in other respects. An instalment which would not have been deductible if paid at the time when it was due is not made deductible merely because it was paid at a time when it would have been deductible if then due.

 In dealing with taxing statutes the courts must look through form to substance. Grant v. Commissioner, supra, 209 F.2d at page 434; Tyler v. United States, 281 U.S. 497, 503, 50 S. Ct. 356, 74 L.Ed. 991. Sections 23(u) and 22(k) of the Internal Revenue Code of 1939 contemplate that payments to the wife for support made before a decree of divorce or separation has been entered, should not be includible in the wife's income and therefore not deductible to the husband. Thus, when Section 22(k) speaks of "periodic payments * * * received subsequent to such decree" it means to cover only periodic payments for periods subsequent to the decree. Otherwise a taxpayer would be able, by a written instrument incident to a divorce or separation proceeding, to make deductible a series of back payments to his wife for a period when there was no decree of divorce or separation outstanding and thus frustrate the intent of the statute. The nondeductible character of periodic payments due prior to the decree is not changed within the meaning and intent of the statute, and such payments do not become deductible, merely because received in a lump sum subsequent to a decree.

 Nor is it of significance here that, during the period from the execution of the agreement until the date subsequent to the decree when the payment was made, the agreement had not been delivered by either party to the other but was held in escrow. From the time when the agreement was delivered to the escrow holder it was binding on both parties in the sense that neither one of them could withdraw from it even though it may not have been enforcible by either one against the other.

1 Corbin, Contracts § 249 (1950). It is plain that both parties intended the payments to cover specific periods of time prior to the entry of the decree, a date which was largely dependent upon the promptness with which the wife pursued her Florida action for divorce. They also agreed under the escrow agreement to postpone the date of payment and to make it contingent upon the securing of a Florida divorce decree by the wife. But neither of these agreements could operate to change the character of the payments in so far as tax consequences were concerned.

In Gale v. Commissioner, 2 Cir., 191 F.2d 79, a lump sum payment to cover additional instalments of alimony under a decree of divorce which had been retroactively increased by the divorce court, were held to be includible in the wife's income as a "periodic" payment under the statute. The Court recognized that the obligation to pay these additional instalment amounts was not enforcible during the actual months for which the increase had been retroactively granted. Nevertheless, it held that the obligation which arose from the statutory power of the divorce court to increase alimony payments retroactively had existed during those months even though not then enforcible. It therefore held that the lump sum payment was not made in satisfaction of a principal sum obligation but was for "periodic" payments taxable to the recipient in contemplation of Section 22(k).

■ The same reasoning applies in the case at bar. The obligation which was satisfied by plaintiff's lump sum payment was the obligation to make payment in and for a period prior to the entry of a decree, whether such obligation was actually enforcible prior to the entry of the decree or not. The payment is a "periodic" payment rather than a payment of a principal sum obligation. Nevertheless, it discharged plaintiff's obligation for a period in which, had the amounts been then paid, they would not have been taxable to the recipient wife nor deductible by the paying husband pursuant to Section 23(u). "For delay in making several periodic payments does not change their original character." Grant v. Commissioner, supra, 209 F.2d at page 432.

■ Even were the character of the payment to be determined as of the time when the divorce decree first made the obligation to pay enforcible, the result would not be changed. For in such event the payment would have to be considered as a payment in discharge of a principal obligation, the amount of which was to be determined on the basis set forth in the separation agreement. It would not then be a "periodic" payment and would not be deductible under Section 23(u).

Plaintiff's motion for summary judgment is therefore denied and defendant's cross-motion for summary judgment is granted.

It has been conceded that the original deficiency which plaintiff paid under protest was incorrect due to mathematical error. The order to be submitted on this decision should include a provision correcting such error.