B. R. AND HELEN W. DEWITT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65240. Filed December 19, 1958.

*Frank J. Maguire, Esq.*, for the petitioners.
*Clarence P. Brazill, Esq.*, for the respondent.

MULRONEY, *Judge:* The respondent determined a deficiency in the income tax of petitioners for the year 1953 in the amount of $10,590.02.

The sole issue presented here is the deductibility of a certain sum paid by petitioner Byron R. DeWitt to his former wife, Elinor P. DeWitt, after their divorce, pursuant to a written agreement between them, which agreement had been incorporated in the divorce decree.

### FINDINGS OF FACT.

Some of the facts were stipulated and they are found accordingly.

Byron R. DeWitt and Helen W. DeWitt are husband and wife. They live at Pavilion, New York, and they filed their joint income tax return for the year 1953 with the district director of internal revenue at Buffalo, New York. Helen W. DeWitt is a party by virtue of the joint return, so hereinafter the term "petitioner" will refer to Byron.

On May 14, 1953, a divorce action was pending between petitioner and his former wife, Elinor, in the Supreme Court of Genesee County, New York. On said date the parties to the divorce action entered into a memorandum of agreement, which contained the following clause:

The party of the first part, the husband, agrees to pay to the party of the second part, the wife, for her maintenance and support and for the maintenance and support of the two infant daughters, Judith M. DeWitt and Deborah G. DeWitt, the sum of Thirty Thousand ($30,000.00) Dollars annually, payable in equal monthly installments of Two Thousand Five Hundred ($2,500.00) Dollars in advance beginning as of the 1st day of February, 1953.

It was further provided in said agreement "that the provisions of this agreement shall be fully incorporated into and made a part of the interlocutory and final decree of divorce which may be granted to the party of the second part in the action pending as aforesaid and shall become effective only if and when incorporated into such decrees."

An interlocutory decree of divorce was entered in the action on June 4, 1953. Thereafter, on September 8, 1953, the interlocutory judgment of divorce became final and the final decree entered on said date incorporated the May 14, 1953, agreement.

Thereafter, on September 8, 1953, petitioner paid Elinor $16,422.59 representing:

Installments February to September, inclusive, under alimony provision (8 months at $2,500) _____ $20,000.00
Offsetting items, representing salaries received by Elinor P. DeWitt from corporations controlled by Byron R. DeWitt, and taxes withheld on same_____ 3,577.41

16,422.59

After said payment, petitioner made four additional payments to Elinor in the year 1953 totaling $10,000. Petitioner took a deduction in his income tax return for the year 1953 in the total amount of $26,422.59 paid to Elinor in the year 1953 and Elinor included in her individual income tax return for the year 1953 the said amount paid

by petitioner and she paid the income tax thereupon shown to be due.

Respondent allowed the four payments totaling $10,000 which were paid in 1953 subsequent to the divorce and $2,500 of the September 8, 1953, payment of $16,422.59 and disallowed the balance, or $13,922.59, stating in the notice of deficiency that said sum "is not an allowable deduction under the provisions of section 23 (u) of the Internal Revenue Code of 1939."

In 1956 Elinor filed a claim for refund in the amount of $7,171.72 due to the overstatement of the alimony income in her 1953 income tax return in the amount of $13,922.59.

OPINION.

The agreement between the petitioner and Elinor provided for payments of $2,500 a month beginning with February 1953 but further provided nothing was to be paid thereunder unless the agreement was incorporated in a divorce decree in a divorce action then pending between the parties. It was incorporated in the decree entered the following September and thereafter in September and the remaining months of 1953 petitioner paid Elinor the full amount due under the agreement and Elinor included the payments in her 1953 income and petitioner took deduction therefor under section 23 (u) of the Internal Revenue Code of 1939.[1] Respondent disallowed the deduction of the portion of the payment made after the entry of the decree, allocable under the agreement to the months prior to September 1953, the month when the decree was entered.

Section 23 (u) gives the divorced husband a deduction for the amount he pays his divorced wife that is includible in her gross income under section 22 (k). Section 22 (k) provides as follows:

ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *

This is a case where it is peculiarly necessary to place the exact issue in proper perspective. Respondent states the issue to be: "Whether a payment made subsequent to a divorce for periods prior to the divorce are deductible under Section 23 (u) of the Internal Revenue Code of 1939." The few lines of argument in respondent's

---

[1] All section references are to the Internal Revenue Code of 1939, as amended, unless otherwise noted.

brief are devoted to a charge that petitioner "is attempting to circumvent the decided cases [where it was held payments made prior to a decree of divorce are not deductible] and the intent of Sections 22 (k) and 23 (u)." There is really no issue of intent or interpretation under section 23 (u). Every one admits that the statute gives the husband the deduction for "payment * * * made within the husband's taxable year" of the "amounts includible under section 22 (k) in the gross income of his wife." And it adds nothing to the solution of the problem here to charge the petitioner with trying to get around the statutes, or the intent thereof, by, as respondent states, "arranging in an agreement between the parties that payment for periods prior to the divorce would be paid after the divorce decree."

While the inquiry here is as to the amount of petitioner's deduction, the design of the two sections makes whatever he pays, that is includible in the wife's gross income, deductible in his. The payments here were periodic. *Gale* v. *Commissioner*, 191 F. 2d 79, affirming *Elsie B. Gale*, 13 T. C. 661. Respondent does not argue otherwise. Therefore, the precise question comes down to whether the divorced wife may, under section 22 (k), omit a portion of the payment she receives after the entry of the divorce decree, from inclusion in her gross income. If she can do this, then the husband's deduction is decreased by the amount the wife can lawfully omit from her gross income.

The statute (sec. 22 (k)) furnishes an objective test for the divorced wife to employ with respect to including the payments she receives in her gross income. It is based on the time of receipt, tied to an easily determined event—a familiar test in the field of income taxation. If she receives periodic payments after the entry of the divorce decree, the plain command of the statute is that they are to be included in her gross income.

Respondent, in order to prevail, has to read into the statute a new test which would authorize her to relate the periodic payments she receives after the divorce to periods before and after the entry of decree and omit from her gross income the portion of the periodic payments which are properly related to or, in respondent's words, "payment for" periods prior to the divorce. While the instant case, due to the wording of the agreement, would create no great problem in allocating portions of payments to periods before and after the entry of the divorce decree, it requires no great foresight to see the problems that would arise in the majority of cases if the test of relating the payments to periods is to be added to the statute. In every case the divorced wife who receives periodic payments either under the mandate of the decree or under a written instrument "incident" to the divorce would have an interest in allocating as much of the payment as possible that she receives after the decree, to a period before the decree. The divorced husband would

be just as interested under the corollary statute (sec. 23 (u)) in having as much of such payment as possible allocated to the period after the decree. Thus if the test of relating payments made after the decree to periods before and after the decree is deemed to be present in the statute, all the uncertain questions of the interpretation to be placed on the decree or written instrument that is incident to the divorce, and questions of the contemplation and intent of the parties, would, in most cases, be present. The direct, simple, objective test of time of receipt, as being the determinative factor for inclusion of payments in the divorced wife's gross income, would, in the ordinary divorce action, vanish. Though as stated, the allocation could easily be made here, the issue is not decided by that fact. The question is whether the statute authorizes the divorced wife to make such an allocation of part of the payment she receives after the divorce to a period prior to the divorce. It would seem that there should be compelling reasons advanced for the inclusion of such a test in the statute.

We have previously quoted all that is contained in respondent's brief by way of argument to support his position. He merely adds thereto the citation of and a quotation from *Warley* v. *McMahon*, 148 F. Supp 388. That case, upon almost identical facts, held the respondent rightly disallowed the portion of the payment made after the entry of the divorce decree that could be said to be payment for periods prior to the decree. The court there construed section 22 (k) as follows: "Thus, when Section 22 (k) speaks of 'periodic payments * * * received subsequent to such decree' it means to cover only periodic payments for periods subsequent to the decree."

We think this is putting into the statute something that is plainly not there and was never intended to be there. Section 22 (k) is a taxing statute which follows the pattern of many statutes by imposing the tax in a definition of what is to be included in gross income. It provides a simple objective test of easy application and well it should for it is to be used by all divorced wives who receive periodic payments, in computing their gross income. It tells the divorced wife to include in her gross income all of the periodic payments she receives after the decree. It certainly is more desirable that the conflicting interests of the divorced parties be settled by recourse to the time of a certain event, such as the entry of a decree, rather than such factors as proper interpretation of decrees and written instruments and the intention of the parties. We can see how it would lead to endless confusion if the divorced wife who is to report her income and include periodic payments received after the decree, is left with the problem of allocating a portion thereof to a period before the decree. That question would

exist in nearly every case in the ordinary divorce unless the decree was entered on the first day of a month or the first day of a year where the periodic payments were fixed on a monthly or yearly basis. It is significant in this case that respondent allowed the full deduction for September, which means he would charge the wife with receiving income for part of the payment that was for 8 days prior to the decree since the decree was entered on September 8, 1953.

We find no language in the statute indicating such an intent and nothing in the legislative history of sections 22 (k) and 23 (u) which would indicate a legislative intent that the divorced wife is to include in her gross income anything less than all of the periodic payments she receives in any taxable year after the divorce. *Gale* v. *Commissioner*, *supra*.

In *MacFadden* v. *Commissioner*, 250 F. 2d 545, 547, affirming a Memorandum Opinion of this Court, it is stated, with respect to section 22 (k) and section 23 (u) : "[T]he legislative purpose here was to put, in the stated situations, the tax burden upon the one who receives and enjoys the income."

We see no reason for attaching the elusive test of allocation of payments to periods, to the certain test of time of receipt. Some of the other tests that are stated in the statue such as "legally separated" and "a written instrument *incident* to such divorce" (emphasis supplied) have been most fruitful of litigation for they are not based upon an event and there could be a logical debate under various fact situations of whether there was or was not a legal separation or a written instrument that was incident to the divorce. Here we are in an area where it is admitted the payment was made after the decree under an agreement incident to the divorce. The explicit language of the statute places the full payment in the wife's gross income. To hold she could omit part of such payment from her gross income would be placing in the statute a new test of relating payments to periods—a test which we think was not intended and has not been followed generally and which would only lead to confusion and uncertainty in an area which the statute rendered certain.

We hold there is no requirement in the statute (sec. 22 (k) ), that periodic payments received after the divorce must be for periods subsequent to the divorce; that all payments received by Elinor in the taxable year 1953 after the decree of divorce on September 8, 1953, were includible in her gross income and deductible under section 23 (u) from the gross income of petitioner who made such payments.

Because of other adjustments, not contested,

*Decision will be entered under Rule 50.*