John W., Jr. and Gloria FURROW, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 6648.

United States Court of Appeals
Tenth Circuit.

July 6, 1961.

Rehearing Denied July 29, 1961.

W. H. Pat O'Bryan, Oklahoma City, Okl., for petitioners.

Lloyd J. Keno, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Tax Court, reported in 34 T.C. 931. It involves deficiencies in federal income taxes for the calendar years 1954, 1955 and 1956.

The facts were set forth in a written stipulation filed in the Tax Court and are these:

On October 14, 1953, Helen Brock Furrow (now Coontz) filed in the District Court of Oklahoma County, Oklahoma, a petition for divorce from her husband, John W. Furrow, Jr. On March 11, 1954, the court entered an order for the payment of alimony pendente lite by John to Helen, the pertinent parts of which read:

"that during the pendency of this action and until further order of the Court, said defendant [John] pay to said plaintiff [Helen] for her alimony and support, the sum of $1,000.00 per month, commencing within ten (10) days from this date; * * *."

During the period from the time the divorce petition was filed until the order for alimony pendente lite was entered, John had paid Helen $240 per month. After the order for alimony pendente lite, although such order was not modified, John continued to pay Helen only $240 per month until the date of the divorce decree referred to hereinafter.

On July 30, 1954, a decree was filed in the divorce action, which granted Helen an absolute divorce from John. Such decree is not dated, but at the hearing before the Tax Court the parties agreed that the decree should be treated as dated July 20, 1954. The Tax Court so regarded it.

The decree provided with respect to permanent alimony as follows:

"It Is Further Ordered And Decreed that the plaintiff recover from the defendant as permanent alimony the sum of $36,000.00, payable at the rate of $300.00 per month, due and payable on the first day of each month, the first payment to become due and payable August 1, 1954."

Under the divorce decree, John made alimony payments to Helen totaling $1,800 in 1954, $3,600 in 1955, and $3,600 in 1956. In his income tax returns for such years he deducted such amounts as alimony paid to Helen. The Commissioner determined that the deductions were not allowable under § 215 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 215, and determined deficiencies. The Tax Court upheld the Commissioner's determination.

The applicable statutory provisions are found in § 71 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 71, and the pertinent provisions of such section read as follows:

"(a) General rule.—

"(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce * * * the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital * * * re-

lationship, is imposed on * * * the husband under the decree * *.

* * * * * *

"(3) *Decree for support.*—If a wife is separated from her husband, the wife's gross income includes periodic payments * * * received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. * * *.

* * * * * *

"(c) *Principal sum paid in installments.*—

"(1) *General rule.*—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, * * * shall not be treated as periodic payments.

"(2) *Where period for payment is more than 10 years.*—If, by the terms of the decree, * * * the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, * * * then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), * * *."

The pertinent Treasury Regulations, applicable to the taxable years beginning after December 31, 1953, are found in 26 CFR § 1.71–1 and the relevant provisions of such section read as follows:

"(3) *Decree for support.* (i) Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of section 71(a) requires the inclusion in the gross income of the wife of periodic payments * * * received by her after August 16, 1954, from her husband under any type of court order or decree (including an interlocutory decree of divorce or a decree of alimony pendente lite) entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. * * *.

* * * * * *

"(d) *Periodic and installment payments.* (1) In general, installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, * * * are not considered 'periodic payments' and therefore are not to be included under section 71(a) in the wife's income.

"(2) An exception to the general rule stated in subparagraph (1) of this paragraph is provided, however, in cases where such principal sum, by the terms of the decree, * * * may be or is to be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement. In such cases, the installment payment is considered a periodic payment for the purposes of section 71(a) * * *."

The Tax Court held that under the provisions of the divorce decree the last installment of the principal sum of permanent alimony provided for in the decree would become due and payable on July 1, 1964. Or, more specifically, the Tax Court held that under the decree John was obligated to pay a monthly installment of permanent alimony on the first day of August, 1954, and on the first day of each month thereafter until July 1, 1964.

The petitioners contend that the payment of an installment on any day during the month would constitute compliance with the requirements of the divorce decree and therefore such installments were to be paid, or might be paid, over a period of more than ten years from the date of such decree and were periodic payments under the provisions of subsection (c) (2) of § 71, supra.

The word "due" may mean that the debt or obligation to which it is applied has become immediately payable, or it

may mean that the debt has become ascertained and fixed, although payable in the future.[1] Here, the word "due" is coupled with the phrase "and payable." "The word payable, when used in connection with commercial transactions, means that which is to be paid rather than that which may be paid."[2] We think there can be no doubt, unless the context clearly indicates a contrary meaning, that the phrase "due and payable" on a specified date means the debt or obligation to which it is applicable is then immediately payable.

Counsel for the petitioners rely on United States v. Reis, 10 Cir., 214 F.2d 327. In that case the divorce decree provided for the payment of $36,000 as permanent alimony, payable $300 per month, "commencing April 1, 1947." The court construed the phrase "commencing April 1, 1947," as designating the month when the first payment became due, or the beginning of the installment payment period and held that the payments could be made any time during each respective month during the period. But the material difference between the provisions of the decree in the instant case and the provisions of the decree in the Reis case clearly distinguishes the two cases.

Accordingly, we conclude that the installments of the principal sum awarded Helen as alimony were immediately due and payable on the first day of August, 1954, and the first day of each month thereafter, to and including July 1, 1964.

 The petitioners, in order to bring payments of such principal sum within the provision of § 71(c) (2), supra, further contend that the amounts paid as temporary alimony should be added to and considered a part of such principal sum.

But the only principal sum specified in the divorce decree was the $36,000 awarded as permanent alimony. The divorce court fixed no principal sum to be paid as temporary alimony. Instead, it provided for monthly payments pendente lite and until the further order of the court. The total amount to be paid as alimony pendente lite was not fixed or definite. Hence, it seems clear to us that the installment payments paid as alimony pendente lite were not "installment payments discharging a part of an obligation, the principal sum of which" was "specified in the decree."

Accordingly, we conclude that the installment payments made in the taxable years here involved did not fall within § 71(a), (c) (2).

The order of the Tax Court is affirmed.

---

1. Putze v. Saginaw Valley Mut. Fire Ins. Co., 132 Mich. 670, 86 N.W. 814, 94 N.W. 191, 192; Ryan v. Douglas County, 47 Neb. 9, 66 N.W. 30, 32 and cases therein cited; United States v. State Bank of North Carolina, 6 Pet. 29, 38, 31 U.S. 29, 38, 8 L.Ed. 308.

2. Ingram v. Mandler, 10 Cir., 56 F.2d 994, 997.